## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Donald Chester Hobbs )<br>)<br>and )<br>)<br>Mary Kathryn Hobbs )<br>)<br>       Plaintiffs, )<br>)<br>vs. )<br>)<br>Bayview Loan Servicing, LLC )<br>)<br>Serve Registered Agent at: )<br>CSC – Lawyers Incorporating Service Company )<br>221 Bolivar St. )<br>Jefferson City, MO 65101 )<br>       Defendant. ) | Case No. _____ |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Donald Chester Hobbs and Mary Kathryn Hobbs, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in their Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumers Donald Chester Hobbs and Mary Kathryn Hobbs against Bayview Loan Servicing, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

1

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. Donald Chester Hobbs and Mary Kathryn Hobbs (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Missouri.

4. Defendant Bayview Loan Servicing, LLC, hereafter ("**Defendant**"), was and is a business entity servicing mortgage loans in Missouri and may be served through its Registered Agent, CSC-Lawyers Incorporating Service Company, at 221 Bolivar St., Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On December 30, 2009, Plaintiffs filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 09-46359-drd13.

6. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on December 31, 2009, showing Defendant's predecessor, Bank of America, was sent notice of Plaintiffs' bankruptcy.

7. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8. Plaintiffs had a first mortgage with Defendant's predecessor, Bank of America, to be paid through Plaintiffs' Chapter 13 Plan.

9. The debt owed to Defendant's predecessor, Bank of America, was excepted from discharge.

10. The pertinent page of Plaintiffs' Chapter 13 Plan is attached as Exhibit B.

11. Bank of America transferred the debt to Defendant evidenced by a Notice of Transfer of Claim filed July 16, 2014.

12. Plaintiffs received their discharge on July 22, 2014.

13. The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on July 24, 2014, showing Defendant was sent notice of Plaintiffs' discharge.

14. The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit C.

15. On December 30, 2014, Plaintiffs requested and reviewed their credit reports from TransUnion, Equifax and Experian.

16. Plaintiffs became aware that Defendant was misreporting information on each of their credit reports.

17. Defendant was reporting incorrectly on Plaintiffs' Equifax, Experian and TransUnion credit reports that the debt owed to Defendant was discharged with a $0 Balance and no current payment history.

18. However, Plaintiffs excepted the debt owed to Defendant in their Chapter 13 case.

19. Accordingly, Defendant, if it reported Plaintiffs' account at all, should have been reporting Plaintiffs' account with the current balance and payment history.

20. On January 5, 2015, Plaintiffs sent letters with their bankruptcy information to Equifax, Experian and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

21. Copies of Plaintiffs' dispute letters are attached as Exhibit D.

22. All three credit reporting agencies sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

23. Defendant failed to correct the balance and payment history reported on Plaintiffs' Equifax, Experian and TransUnion credit reports.

24. Despite the receipt and knowledge of Plaintiffs' dispute letters, Defendant was still willfully misreporting to Equifax, Experian and TransUnion that the debt owed to Defendant was discharged with a $0 Balance and no current payment history.

25. On March 11, 2015, Plaintiffs sent second letters with their bankruptcy information to Equifax, Experian and TransUnion disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

26. Copies of Plaintiffs' second dispute letters are attached as Exhibit E.

27. All three credit reporting agencies sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

28. Defendant again failed to correct the balance and payment history reported on Plaintiffs' Equifax, Experian and TransUnion credit reports.

29. Despite the receipt and knowledge of Plaintiffs' second dispute letters, Defendant was still willfully misreporting to Equifax, Experian and TransUnion that the debt owed to Defendant was discharged with a $0 Balance and no current payment history.

30. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit F.

31. Defendant's failure to conduct a reasonable investigation of Plaintiffs' account, as reported to Equifax, Experian and TransUnion, was a substantial factor causing Plaintiffs emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

32. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

**FCRA LAW COMMON TO ALL COUNTS**

33. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

34. Plaintiffs are a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

35. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

36. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

37. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

38. The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

39. After receipt of a disputed account from a CRA, a furnisher's duty is to review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

40. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

41. This standard will be evaluated from a number of factors.

42. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

43. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

44. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

45. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

46. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

47. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

## CAUSES OF ACTION

### COUNT I
**(Violations under the Fair Credit Reporting Act)**

48. After twice receiving notice of Plaintiffs' dispute letters from Equifax, Experian

and TransUnion, Defendant should have conducted a reinvestigation and properly updated the information reported on Plaintiffs' account to Equifax, Experian and TransUnion.

49. As a result of Defendant's failure to conduct a reasonable reinvestigation, Defendant caused Plaintiffs to incur emotional distress, frustration, inconvenience, time and expense.

50. The plain language of the FCRA's damages provisions permits Plaintiffs to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

51. Plaintiffs' actual damages include but are not limited to, Plaintiffs' emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

52. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

53. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

54. Defendant was twice notified by Equifax, Experian and TransUnion of Plaintiffs' dispute letters requesting a reinvestigation that it was reporting inaccurate information on Plaintiffs' credit reports.

55. Yet, Defendant elected to ignore that information and refused to correct Plaintiffs' credit reports.

7

56. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

57. Defendant's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiffs' account illustrates a reckless disregard for Plaintiffs' rights under the FCRA.

58. Defendant's failure to conduct a reasonable investigation and correct the information Defendant is furnishing to Equifax, Experian and TransUnion concerning Plaintiffs' account constitutes a willful violation of the FCRA.

59. Defendant fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

60. This failure is compounded by Defendant's failure to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Donald Chester Hobbs and Mary Kathryn Hobbs respectfully request this Court award the following:

    a. Actual Damages;

    b. Statutory Damages for each violation of the FCRA;

    c. Punitive Damages;

    d. Costs and reasonable attorney's fees pursuant to the FCRA;

    e. Correction of all misreported information from Plaintiffs' Equifax, Experian and TransUnion credit reports;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

                                     */s/* Chelsea S. Springer

                                     Chelsea S. Springer #51089
                                     The Law Offices of Tracy L. Robinson, LC
                                     1125 Grand Boulevard, Suite 1300
                                     Kansas City, MO 64106
                                     Phone: (816) 842-1317
                                     Fax: (816) 842-0315
                                     admin@tlrlaw.com
                                     Attorney for Plaintiffs